UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE PARTRIDGE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>HEARTLAND EXPRESS, INC. OF IOWA, a foreign Profit Corporation, and DOES 1-10, inclusive,<br><br>  Defendant. | Case No. 3:24-cv-05486<br><br>DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S NOTICE OF REMOVAL TO FEDERAL COURT |

TO:   The Honorable Judges of the United States District Court for the Western District of Washington at Tacoma:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, the Class Action Fairness Act of 2005 ("CAFA"), Defendant Heartland Express, Inc. of Iowa ("Defendant") hereby removes to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 24-2-08101-7 in Pierce County Superior Court. In accordance with Local Civil Rule 101(b), a copy of the operative complaint (the "Complaint") is attached to the Declaration of Laura Morse In Support of Heartland Express, Inc. of Iowa's Notice of Removal ("Morse Decl."), along with all other process, pleadings, and orders served on Defendant, are attached to this Notice as Exhibit 1 to the Morse Declaration. *See* 28 U.S.C. § 1446(a). All remaining documents filed in the state court action are

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S NOTICE OF REMOVAL TO FEDERAL COURT - 1
CASE NO. 3:24-CV-05486

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

attached as Exhibit 2 to the Morse Declaration. A true and correct copy of the Complaint is also separately included as an attachment to this Notice and labeled as the "Complaint."

### Legal Overview

CAFA grants district courts original jurisdiction over actions in which: (1) removal is timely; (2) the Complaint alleges a class action; (3) any member of the putative class is a citizen of a state different from any defendant, thus establishing the required minimal diversity; (4) the members of the putative class number over 100; (5) the aggregate amount in controversy exceeds $5,000,000.00; and (6) exceptions to jurisdiction do not apply. *See* 28 U.S.C. § 1332(d)(2)(A), 1332(d)(5)(A) and (B). Removal is proper on the following grounds:

### Removal Is Timely.

1. Plaintiff Duane Partridge ("Plaintiff") filed this case on May 20, 2024, in Pierce County Superior Court, Case No. 24-2-08101-7. Exhibit A (Complaint).

2. Defendant was served with the Summons and Complaint on May 21, 2024. Declaration of Steve Feldmann ("Feldmann Decl.") ¶ 3.

3. This Notice of Removal is timely because it was filed within the thirty-day period of time prescribed by 28 U.S.C. § 1446(b).

### The Complaint Alleges a Class Action.

4. Plaintiff brings this case as a class representative. In the complaint, Plaintiff seeks to certify a proposed class defined as:

> All individuals who, from January 1, 2023 through the present (the "Class Period"), applied for a job opening in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position.

*See* Complaint ("Compl.") ¶ 14. The Complaint asserts one cause of action against Defendant on behalf of Plaintiff and the putative class for the alleged violation of RCW 49.58.110. *Id.* at ¶¶ 23-28.

### Diversity of Citizenship Exists.

5. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S
NOTICE OF REMOVAL TO FEDERAL COURT - 2
CASE NO. 3:24-CV-05486

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

6. Upon information and belief, Plaintiff Duane Partridge is a resident of Oregon. *See* Compl. ¶ 3.

7. Defendant is a foreign for-profit corporation. Its principal place of business is 901 Heartland Way, North Liberty, Iowa 52317, it is incorporated in Iowa, its leadership, including the President, CEO, CFO, COO and multiple Vice Presidents are all based in Iowa, and the Human Resource function is at Heartland's headquarters in Iowa. Feldmann Decl. ¶ 2.

8. Defendant is a citizen of Iowa. *See* Feldmann Decl. ¶ 2. Plaintiff is a resident of Oregon. *See* Compl. ¶ 3. Accordingly, the diversity requirement in 28 U.S.C. § 1332(d)(2) is met.

**Plaintiff Proposes a Class of More than 100 Persons.**

9. As noted above, Plaintiff defines the putative class as follows:

> All individuals who, from January 1, 2023 through the present (the "Class Period"), applied for a job opening in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position.

Compl. ¶ 14.

10. Heartland's records indicate that Plaintiff provided his name and contact information to Heartland on a web page with information presented in a substantially similar manner to Exhibit A to the Complaint. Heartland does not concede that Plaintiff "applied" for a job. Feldmann Decl., ¶¶ 4-7. However, for purposes of removal, Heartland takes as true all allegations in the pleadings, and assumes that the website constitutes a "job posting" under RCW 49.58.110 and the steps Plaintiff took will give rise to a claim under RCW 49.58.110.

11. Although Defendant denies liability and contests the propriety of class certification, for purposes of removal, Defendant performed an initial investigation and determined there are at least 1,050 individuals who took the same steps Plaintiff took on web pages substantially similar to Exhibit A to the Complaint. Feldmann Decl. ¶ 8.

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S NOTICE OF REMOVAL TO FEDERAL COURT - 3
CASE NO. 3:24-CV-05486

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

**The Amount in Controversy Exceeds $5,000,000.00.**

12. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

13. Defendant denies Plaintiff's allegations and any wrongdoing and it will defend against Plaintiff's allegations and oppose certification of the putative class. *Grant v. Capital Mgmt. Servs., L.P.*, 2011 WL 3874877, *1 (9th Cir. 2011) (defendant not required to admit liability to remove under CAFA); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (same). Defendant further denies that Plaintiff or the putative class would be entitled to recover any of the amounts claimed under any theory. For purposes of establishing the jurisdictional prerequisites for removal, however, Plaintiff's allegations—if presumed true—place more than $5,000,000.00 in controversy. *See* 28 U.S.C. § 1332(d)(2).

14. In determining whether the removing party has met the amount-in-controversy, the Court looks first to the complaint. *Lewis*, 627 F.3d at 399. When the amount in controversy is not "facially apparent" from the complaint, the Court may consider facts in the removal petition to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

15. Plaintiff seeks, for each putative class member, "statutory damages equal to the damages or five thousand dollars, whichever is greater; interest of one percent per month on all compensation owed; and costs and reasonable attorneys' fees" pursuant to RCW 49.58.070(1). Compl. ¶ 27.

16. While Defendant does not concede Plaintiff has defined a legally cognizable class, for removal purposes, potential statutory damages exceed $5,000,000.00. The putative class of individuals who took the same steps as Plaintiff, in response to a substantially similar webpage, would include more than 1,050 people. Feldmann Decl. ¶ 8. As Plaintiff plead that the statutory damages are at a *minimum* $5,000.00 per class member, plus interest, the amount in controversy must be at least $5,000,000.00.

17. In the context of CAFA jurisdiction, "it is well established that the Ninth Circuit

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S
NOTICE OF REMOVAL TO FEDERAL COURT - 4
CASE NO. 3:24-CV-05486

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mart Exp., Inc.*, 11-CV-5500 YGR, 2012 WL 699465, *7 (N.D. Cal. Mar. 1, 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)); *see also Rodriguez v. Cleansource, Inc.*, 14-CV-0789-L DHB, 2014 WL 3818304, 4 (S.D. Cal. Aug. 4, 2014). Potential attorneys' fees and costs for damages of approximately $5,000,000.00 million may thus be calculated at approximately *$1,250,000.00.*

18. Based on the above calculations, Defendant has a good faith belief that the amount in controversy exceeds $5,000,000.00.

19. As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders purportedly served on the removing party to date are attached to the accompanying Morse Declaration.

20. Copies of this Notice of Removal and the Morse Declaration with exhibits are being served upon plaintiffs' counsel and filed with the clerk of the Superior Court of Washington for Pierce County pursuant to 28 U.S.C. § 1446(a) and (d).

21. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a)

22. <u>Intradistrict Assignment</u>.  Because this claim arose in Pierce County, assignment of this action to the Tacoma Division is appropriate pursuant to LCR 3(e).

23. By seeking removal, Defendant does not waive, and expressly reserves, all rights, defenses, and objections of any nature that it may have to plaintiffs' claims.

WHEREFORE, Defendant requests the removal of the above-referenced action from Pierce County Superior Court and requests that further proceedings be conducted in this Court as provided by law.

///

///

///

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S NOTICE OF REMOVAL TO FEDERAL COURT - 5
CASE NO. 3:24-CV-05486

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Dated: June 20, 2024

JENSEN MORSE BAKER PLLC

By  s/*Laura T. Morse*
Laura T. Morse, WSBA No. 34532
Laura.morse@jmblawyers.com
520 Pike Street; Suite 2375
Seattle, WA 98101
206.682.1550

Attorneys for Defendant Heartland Express, Inc. of Iowa

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S
NOTICE OF REMOVAL TO FEDERAL COURT - 6
CASE NO. 3:24-CV-05486

**JENSEN MORSE BAKER PLLC**
520 P\ike S\treet; S\uite 2375
S\eattle, W\ashington 98101
P\hone: 206.682.1550

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the United State of America and the State of Washington, that on the 20th day of June, 2024, the document attached hereto was delivered to the below counsel in the manner indicated:

| Counsel for Plaintiff | |
|---|---|
| Craig J. Ackerman, WSBA No. 53330<br>Brian Denlinger, WSBA No. 53177<br>Avi Kretenberg, WSBA No. 53294<br>Ackermann & Tilajef, P.C.<br>2602 North Proctor Street; Suite 205<br>Tacoma, WA  98406<br>cja@ackermanntilajef.com<br>bd@ackermanntilajef.com<br>ak@ackermanntilajef.com | ☒ Via CM/ECF<br>☒ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |

DATED this 20th day of June, 2024, in Kansas City, MO.

By *s/Gwendolyn M. Wall*
Gwendolyn M. Wall, paralegal

DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA'S NOTICE OF REMOVAL TO FEDERAL COURT - 7
CASE NO. 3:24-CV-05486

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550